UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TYRONE HURT,     Plaintiff,

v.     Civil Action No. 3:16-cv-59-DJH

NATIONAL MUSEUM OF AFRICAN
AMERICAN HISTORY AND CULTURE *et al.*,     Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Tyrone Hurt filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial screening of the complaint, the instant action will be dismissed for the reasons that follow.

**I.**

Plaintiff filed the complaint on his own paper. Plaintiff lists his address as located in Washington, DC. He sues the National Museum of African History and Culture and the North Star Society, both of which he identifies as located in Washington, DC. While not entirely clear, he also appears to name the United States of America as a Defendant. Plaintiff states that he is bringing the action under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). The complaint, while largely illegible and incoherent, alleges violations of the Thirteenth Amendment based on the "unconstitutional capture of [illegible] African Americans from the continent of Africa in violation of humanitarian [illegible] . . . ." It also alleges that the application of the death penalty violates the Eighth Amendment and references the First Amendment. Attached to the complaint is a fundraising appeal from the National Museum of

African American History and Culture which, according to the attachment, currently is under construction and will be part of the Smithsonian Museum on the National Mall.

## II.

The complaint must be dismissed for several reasons. First, Defendants are not located in the Western District of Kentucky, and nothing in the complaint describes any events occurring in the Western District of Kentucky or gives any reason for filing this action in this Court. The complaint is therefore subject to dismissal for improper venue. *See* 28 U.S.C. § 1406(a).

Second, because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In this case, the complaint contains conclusory allegations of constitutional violations, which the Court is not required to accept. *See Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) ("[T]he district court need not accept a 'bare assertion of legal conclusions.'") (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The complaint contains no factual assertions to support any legal theories upon which a valid federal claim may rest, and the allegations are baseless.

Furthermore, a review of the federal judiciary's online database, Public Access to Court Electronic Records ("PACER"), shows that Plaintiff has filed hundreds of cases in federal courts across the country. *See Hurt v. Encinia*, No. H-15-2602, 2015 U.S. Dist. LEXIS 147815, at *6 (S.D. Tex. Oct. 30, 2015) ("A national litigation index reveals that since 1985, Hurt has filed at least 468 civil actions in federal courts across the country."). Plaintiff has been deemed an abusive and vexatious litigant by numerous other courts. *See, e.g.*, *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) ("[W]e think 'the number, content, frequency, and disposition' of his filings shows an especially abusive pattern . . . . Hurt has brought numerous meritless appeals--suits targeting institutions, people and inanimate objects--while asking for sums of money dwarfing the size of the Federal Government's annual budget."); *Hurt v. Ferguson, Missouri, Cleveland, Ohio, Baltimore, Maryland, All Law Enforcement Officials Within This Nation Et Al, Forty-Seven States To The United States Of America*, No. 1:15-cv-01054-WTL-TAB, 2015 U.S. Dist. LEXIS 89669, at *4 (S.D. Ind. July 10, 2015) ("Mr. Hurt's abusive patterns must come to an end. Mr. Hurt's cases represent countless hours of judicial time that could be spent on cases which state viable claims."); *Hurt v. Lanier*, No. 1:14-cv-484-GZS, 2014 U.S. Dist. LEXIS 163201, at *4 (D. Me. Nov. 19, 2014) ("Taking judicial notice of the other actions Plaintiff has recently filed with this Court as well as his filing history in other districts, there is ample evidence that Hurt is an abusive and vexatious litigant.").

Indeed, near in time to the filing of the instant action, Plaintiff filed cases concerning the National Museum of African American History and Culture with almost identical allegations in at least two other district courts. *See Hurt v. United States of America*, No. 3:16-cv-106-MMH (M.D. Fla. Feb. 1, 2016); *Hurt v. United States of America*, No. 2:16-cv-132-JAD (D. Nev. Jan. 22, 2016). Filing identical lawsuits in multiple district courts is abusive and wasteful of

judicial resources and warrants dismissal under § 1915(e) as frivolous and malicious. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (complaint with the same allegations as in an earlier complaint that had been dismissed was properly dismissed under § 1915 as frivolous or malicious); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under § 1915 as malicious). A federal court may dismiss a suit when it is duplicative of a suit already pending or dismissed in another federal court. *See, e.g.*, *Lea v. United States*, 120 Fed. Cl. 440, 446 (2015); *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 888-89 (7th Cir. 2012). Therefore, the Court will dismiss the action as frivolous and malicious.

### III.

For the foregoing reasons, a separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Since filing the original complaint, Plaintiff filed four documents which he captioned "Amended Complaints." The filings are similar in substance to the complaint and are largely illegible and incoherent. The Court construes these filings as motions to amend the complaint. Because this matter will be dismissed and the Court having found Plaintiff to be an abusive filer, the amendments would be futile. *See Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) ("A court need not grant leave to amend . . . where amendment would be 'futile.'") (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Accordingly,

**IT IS ORDERED** that the motions to amend (DNs 7, 8, 9, and 10) are **DENIED**.

Date: July 19, 2016

**David J. Hale, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4415.010